Next case, call for oral argument of Sulphur Springs Baptist Church v. Elam. Counsel, whenever you're ready, you may proceed. May it please the court, Mr. Hendricks. I'm Richard Kruger, I'm from Metropolis, and I represent the plaintiff, Sulphur Springs Baptist Church. This case is from Hope County. Sulphur Springs brought a quiet title action to quiet title of 2 1⁄2 acres used for church purposes. Our quiet title action was based on adverse possession. The defendant counterclaimed through a stipulation. This came down to two parcels in two different sections. There was a four-day jury trial, nine witnesses, 70 exhibits. The jury returned a verdict on both counts in favor of the plaintiff. The trial court reversed the jury, entered a judgment NOV, and that is what's from appeal. There's really three issues, I believe here, for the court. The first issue was whether the trial court was in error in reversing the jury's decision where there was evidence in the record to support the jury verdict. The second issue was did the trial court improperly re-weigh evidence, determine the credibility of the witnesses, and use an incorrect standard for the basis for entering the judgment NOV. The third issue is the fact that adverse possession has to be proved by clear and convincing evidence. Does that change or expand the court's role in entering, in the determination of whether to grant or deny a judgment NOV? In other words, does the clear and convincing evidence mean you can re-weigh evidence, determine credibility, or apply a different standard such as sufficient evidence as opposed to any evidence to support? I want to take the second issue first. It is the plaintiff's position that the court, when you read the court's decision, re-weigh the evidence. The court uses the language of sufficient evidence. Did the plaintiff present sufficient evidence to sustain the burden? And the court also talked about the inconsistency of one of the witnesses' testimony. Also, did the plaintiff establish, meet the burden of proof? We would submit that all of these involve a re-weighing of evidence because the standard is if there's any evidence, together with inferences drawn from it, to support the evidence, then you cannot enter a judgment NOV. So the court was re-weighing the evidence, determining credibility, and it talks about inconsistent statements, and then with this sufficient evidence is using a different standard. And we would submit that that is error. There are three points that the trial court thought that the plaintiff did not prove. One of them was where the boundary was. In other words, the parcel that was involved, whether that was sufficiently described, the exclusive, whether the use was exclusive, and the claim of title consistent with the true arm. So if you look at the law and the court's opinion, the court did re-weigh evidence, determine the credibility of witness, and use the standard of sufficient evidence as opposed to any evidence. I think what really caused the trial court to reverse the jury verdict and to do it improperly was this idea of the clear and convincing evidence. The trial court took this under advisement for five months, ordered transcripts, reviewed the transcripts, but really clear and convincing doesn't change the court's role on reviewing a judgment NOV. It's still the same standard. The court cannot re-weigh the evidence, cannot determine credibility, and uses the same standard of any evidence. Clear and convincing does not change that at all. There is no Illinois case that states when you have a clear and convincing burden of proof that the trial court re-weighs the evidence or determines credibility or applies a standard of sufficient evidence as opposed to any evidence. So the trial court was in error. Now, on the points that were made, this case involves a two-and-a-half acre area, and the area is kind of unique. There have been churches in this area, this two-and-a-half acres, since 1859. The deeds for these quarter sections, for example, the Elam deed for their quarter section, says except two acres. Most of these deeds say except two acres for church and school purposes. The defendant's only taxed on 37-and-a-half acres. The history shows there have been five different churches in this location over the years, sometimes two churches on this two-and-a-half acres. The Presbyterians, Methodists, Baptists, all had churches in this area. Since 1913, it's been a Baptist church. But, you know, the use has been consistent. The record is replete with mowing and maintenance, picnics, church activities, children playing in this very area itself. And if you examine the evidence, I think our brief covers this very well, if you examine the evidence, the location or boundary of this parcel is very clear. Two-day trial of nine witnesses. All these elements of adverse possession were proven over and over again. There's a lot of repetition on these points and a lot of testimony on these very points from each of the witnesses. But the location of the boundaries are clearly marked. They're in the record. They're testified. They're in the surveys and aerial photographs. In the brief, I think on pages seven and eight, those areas are outlined in red as what's in dispute. One of the witnesses, John Kunoth, wrote the activities on the very plaque where they took place. The law requires that you have to prove the area with reasonable certainty, and that was certainly done in this case. All of the boundaries are established. The second point was on the exclusive. And exclusive means you don't depend on other people's use for your use. And we've shown the exclusive nature. The defendants themselves testified they never used the land north of the fence. There's a fence involved here that establishes the boundary line or did. It's been removed. But they never went back north of the fence. John Kunoth testified that only church members and their guests used this area. There's plenty of evidence in the record to support that. Now, at one point in the trial court decision, the court makes the statement that as far as children playing in this area, he didn't know whether they were school kids or church kids. And what that's about is that there was a Sulphur Springs school. It was a one-room school that existed on this site for a number of years along with the churches. When county consolidation occurred in Polk County in the 50s, Sulphur Springs Baptist Church purchased the school building, Sulphur Springs School, and they moved their church into the school. And it really wouldn't matter whether they're church kids or school kids because tacking, the jury was given an instruction on tacking. Tacking with successive possessors is allowed. Whether they were school kids or church kids, it wouldn't make any difference. And from the record, they're probably the same kids anyway. This was a community church and community school. Testimony was that these witnesses attended school and church both at the same location. As far as claimant title inconsistent, that's really related, closely related to the use and control of the disputed property. The testimony shows that use and control. The jury was instructed on clear and convincing evidence. They were given instruction on that. That was part of their burden of proof.  Pattern instructions, the committee comments say don't do it. That's a word with common meaning, and that's in the comments. So there's no instruction given. But the jury were instructed. They were in a position to determine if we meant the burden of proof. They returned a verdict in our favor. And I'm asking that the Sulphur Springs Baptist Church is asking that the judgment Reversing be reversed by this group. Thank you. Thank you. Thank you. May please the court. My name is Scott Hendricks. I'm attorney practicing Carbondale, Illinois. I represent the defendants in this action. I'm asking the court to affirm the trial court's judgment not sustaining a verdict in this case because the trial court reviewed the evidence to hold and all inferences that come from that evidence and determined that looking that evidence in the light most favorable to the plaintiff that the evidence overly overwhelmingly favor this defendant. The defendants, Mr. Glenn and Mr. Itis Elam on the issue with respect to what I call the Section 27 property. If the court. In the appellant's brief, they've attached a copy of Plaintiff's Exhibit 13. And I want to address the issue of Mr. Kruger stated there were three issues before the court. And one of them was the location. And he started going to conversation about the location of the boundary line being very clear in the testimony. And that was this case. And like Mr. Kruger, I also went through the record and took excerpts out. Testimony from parties regarding this boundary line that lies on the south side of the church and is north of my client's property. I think this court. Well, I would point out to this court that Judge Lieberman, in his ruling, indicated that he even ordered transcripts of this trial and read them before he made his decision. But if this court would look at that Exhibit 13, although the one that is presented in the appellant's brief, in the appendix, is a little cut off, you'll note that all the testimony referred to by both plaintiff's witnesses as well as defendant's witnesses was that all the activity on behalf of the church occurred in what was called the Old Roadway and up to the south boundary of the Old Roadway where a fence existed along the south line of the Old Roadway. Well, as the trial court stated in its opinion or its decision granting judgment of NOV, there is a significant amount of space, as you can see from Exhibit 13, between the church and the roadway, which they testified they occupied, and the section line. I would suggest it's at least 100 feet. And the closest that we would have gotten to that gap is the testimony of Paul Kunith, who said that first he said it was 25 to 30 feet from the outside, the back side of the church. He later came back in some subsequent testimony, and I think he expanded that to 30 or 35 feet. But that still doesn't get them to a position to occupy any property near the section line between Sections 22 and 27. So I think the court was correct in looking at all the evidence that was presented, including this survey plaque, which is measured, you know, it's marked by feet and yards and whatnot, and it's clear that the area that was testified, even by my clients, Mr. Eland, that was occupied by the church is far short of reaching the section line in Section 27. And that's what the court ruled on, looking at all that evidence. Mr. Kruger, a plaintiff, argues that the rule is that if there is any evidence in the record, this court must reverse the trial court's judgment in NOV. I contend that that is incorrect, and that the Supreme Court, in the case of Hedrick v. Peoria and Eastern Railroad Company, 37 LMI section 494, declined to follow the any evidence rule in its opinion and indicated that that was not the best rule to follow and came up with, it stated on page, in that opinion, on page 509, that, nor is earlier stated, does it seem to us that any evidence rule or any of its variants is entirely satisfactory, and goes on to, I would say, nix that rule and came forth with the rule that JNOV should be entered in those cases when all the evidence viewed in a light most favorable to the non-moving party overwhelmingly favors the moving party. And I believe that's exactly what the judge did here. Mr. Kruger points out that the judge used some language with regard to sufficient evidence and whatnot. I would, again, contend that if the court would review the Hedrick decision, that's exactly what the Supreme Court did after it came forth with its ruling in Hedrick. And in the final paragraph of its opinion, it reviewed the evidence and said, when the dubious probative value of the testimony of the plaintiffs and Hazel Lindsay is considered in the light of the unequivocal testimony by persons with no apparent interest, we've, and I'll cut this short, we believe it may be fair to say that all the evidence viewed most favorably to plaintiffs so overwhelmingly favors the defendant that no contrary verdict can stand. So that's exactly what the Supreme Court did in the Hedrick case. It announced the ruling and then looked at the evidence, which is exactly what the court needs to do. And I believe a review of this evidence, the result will be identical or should be identical to what the trial court found, and that is the evidence overwhelmingly shows that any activity from any of the witnesses did not reach into Section 27, and therefore the plaintiffs were not entitled to adverse, or an order finding an adverse possession with regard to my client's property in Section 27. The Plaintiffs' Counsel indicated that their burden is to show that the location is reasonably located. I would put forth that the decision in Joyner v. Jansen, again an Illinois Supreme Court decision in 85, Illinois 2nd, 74, indicated that while it's not necessary that land should be enclosed by a fence, the boundaries must be susceptible of specific indefinite location. The testimony of Mr. Kuda was an approximation of what he believed the boundary line to be. He drew a freehand drawing that is not measured in any fashion, much to the contrary of the survey plaque, and was asserting that that line drove into Section 27. But his testimony, along with that drawing, was that all the activity went no farther than the south boundary line of the old roadway. When you look at the survey plaque and you put that with Mr. Kuda's own testimony, it puts him solely in Section 22. The corroborating evidence of that fact is his application to the Illinois Department of Revenue for real estate tax exemption. He attached a drawing, his own hand drawing, with that document, which was submitted to the court as Defendant's Exhibit 14. And that drawing shows that his claim for tax-exempt status for real estate is wholly in Section 22. None of his drawing of the property that they were claiming in this litigation goes over into Section 27, because he knew when he drew that document that he wasn't going past the section line. I put to this court that the survey plaque, along with everyone's testimony, including Mr. Kuda's own testimony, overwhelmingly shows that their use and activity or property that they're claiming adverse possession was wholly in Section 22, which is north of my client's Section 27. And for that reason, the trial court was correct in granting judgment notwithstanding the verdict with respect to that count. And for that reason, I am asking this court to affirm the trial court's decision of granting judgment notwithstanding the verdict. Thank you. Thank you, Counsel. Counsel? All the points I believe raised by Mr. Hendricks are covered in our reply brief. With regard to the fence and the roadway, and if you look at the testimony, and this is discussed in our reply brief at pages 4 through 8, the testimony is that the roadway, at a certain point, veered off to the northeast, but the fence continued all the way across. There is an area south of the roadway and north of the fence. And to adopt what the defendants just argued, you'd have to ignore completely the testimony of six witnesses introduced by the plaintiffs plus the defendants themselves. The testimony is that the fence extended all the way across. With regard to the area, the law states it has to be reasonably described. Mr. Hendricks mentioned a specific indefinite area. I think we meet that as well. We've covered all directions, where the boundary line is in the north, the south, the east. All directions are covered and marked by monuments, if you read the record. With regard to Hendrick, Hendrick was a 67 case. What we cited was the Illinois Supreme Court. One of the cases cited in our brief was Maple v. Gustafson, which is a 1992 case, and that language about any evidence is in Maple v. Gustafson, which is a far more recent case. And then in our brief, our initial brief, pages 16 through 17, I think there's probably five to ten Supreme Court cases and Illinois Supreme Court cases that use the any evidence standard. I realize that language is in Hendrick, but I think it's further defined in more recent decisions, where they talk about the any evidence rule. We would submit that that's correct. On the, what Mr. Hendricks covered about the surface and the plasque, that somehow it is to be preferred over other exhibits. There were approximately 70 exhibits in this trial, testimony of nine witnesses. That is just one element. And the testimony is clear that the church used north of the old fence, that they used this area, and we're asking that this court reverse the circuit. Thank you. Thank you, counsel. We appreciate the briefs and arguments of counsel to take the case under advisement.